UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| INVESTIGATOR VINCENT P. NORTON; | ) | |
| and SHERIFF OF COOK COUNTY; | ) | Trial By Jury Demanded |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Dominique Jenkins, by and through her attorney, David S. Lipschultz, and in support of her Complaint at Law against the Defendants, Investigator Vincent P. Norton, and the Sheriff of Cook County, states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

4. The Plaintiff, Dominique Jenkins ("Ms. Jenkins") is a resident of the City of Chicago, State of Illinois.

5.     At all relevant times herein referenced, Defendant, Investigator Vincent P. Norton ("Investigator Norton"), was and remains employed by the Sheriff of Cook County as a sworn police officer. His title is Investigator II in the Fugitive Unit. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Norton was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.     At all relevant times herein referenced, Defendant, Sheriff of Cook County ("Sheriff"), was and remains a governmental entity formed pursuant to the laws of the State of Illinois. Investigator Norton was employed by the Sheriff as a sworn police officer, and at the time of the incident at issue was acting within the scope of his employment for the Sheriff and under color of law.

## FACTUAL ALLEGATIONS

### BACKGROUND

7.     On February 24, 2017, the Illinois Department of Corrections ("IDOC") mistakenly released a prisoner from custody at Stateville Correctional Center even though he was facing murder charges in another case. The inmate fled; a nationwide and much-publicized manhunt ensued. The fugitive would not be found until March 4, 2017, near Atlanta, Georgia.

8.     IDOC blamed the mistake on the Defendant Sheriff, arguing that the Sheriff's Office failed to provide IDOC with proper notification of the murder case.

9.     Ms. Jenkins grew up with the fugitive. She once dated him, and during that time she had provided funds in support of the fugitive's bond in a case not related to the murder.

10.    But that was in the past. Ms. Jenkins knew nothing about the fugitive at this time of her life, and she had no idea where he was hiding.

11. But the Sheriff was under enormous pressure to catch the fugitive. Unconscionably, they launched a desperate campaign of harassment against Ms. Jenkins.

12. The Sheriff unlawfully searched and seized Ms. Jenkins, at home and at a police station, day and night — often in the presence of her small children — for several days.

## DAYS OF UNLAWFUL SEARCHES AND SEIZURES

13. For several days beginning on February 27 and ending in early March, 2017, Investigator Norton — and as many as a dozen other Sheriff's officers and investigators[1] — detained, harassed, questioned, and threatened Ms. Jenkins.

14. They did so despite having no evidence or information that Ms. Jenkins had any useful or relevant information.

15. Over these days Investigator Norton and other officers repeatedly appeared at Ms. Jenkins' home and in other locations.

16. During those days, Investigator Norton and other Sheriff's officers committed the following, and other, malicious acts in violation of her Constitutional rights:

    a. Searched Ms. Jenkins' entire house without a lawful basis;

    b. Detained Ms. Jenkins for various lengths of time, including overnight, at her home as well as in various facilities in Markham and Maywood, Illinois;

    c. Scared Ms. Jenkins' children by taking her away, sometimes in their presence;

    d. Treated Ms. Jenkins with anger and aggression at times;

    e. Threatened to unlawfully take bond money away from Ms. Jenkins, and threatened to report her to the Illinois Department of Children Services;

    f. Exhaustively questioned Ms. Jenkins, with the questioning always yielding the same result: she had no leads whatsoever;

---

[1] After the completion of initial discovery Plaintiff will seek leave of court to amend this Complaint in order to name other responsible officers as Defendants.

    g. Confused Ms. Jenkins about her legal rights as to whether she was free to leave and whether she had to go with the officers to the various facilities;

    h. Provided a false address to Ms. Jenkins' mother as to where Ms. Jenkins was being detained on one or more occasions; and,

    i. Would not release Ms. Jenkins from custody to her attorney, who was present, despite admitting that the Sheriff had no reason to detain her.

17. As a result of the Defendant Norton's and the other officers' misconduct, Ms. Jenkins suffered damages.

## COUNT I
## SECTION 1983
## FALSE ARREST/UNLAWFUL SEARCH & SEIZURE
## AGAINST INVESTIGATOR NORTON

18. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 17 as her respective allegations of paragraph 18.

19. Investigator Norton and other Sheriff's officers did not have probable cause to arrest the Plaintiff.

20. The actions of Investigator Norton and other Sheriff's officers violated the Plaintiff's Fourth Amendment rights, and violated her rights protected by 42 U.S.C. §1983.

21. As a direct and proximate consequence of said conduct of Investigator Norton and other Sheriff's officers, the Plaintiff suffered violations of her constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Dominique Jenkins, prays for judgment against the Defendant, Investigator Vincent P. Norton, for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

### COUNT II
### SECTION 1983
### DENIAL OF DUE PROCESS
### AGAINST INVESTIGATOR NORTON

22. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 17 as her respective allegations of paragraph 22.

23. Investigator Norton and other Sheriff's officers did not have probable cause to arrest the Plaintiff.

24. The actions of Investigator Norton and other Sheriff's officers violated the Plaintiff's Fourth Amendment rights, and violated her rights protected by 42 U.S.C. §1983.

25. As a direct and proximate consequence of said conduct of Investigator Norton and other Sheriff's officers, the Plaintiff suffered violations of her constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Dominique Jenkins, prays for judgment against the Defendant, Investigator Vincent P. Norton, for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

### COUNT III
### ILLINOIS LAW CLAIM - INDEMNIFICATION
### AGAINST SHERIFF OF COOK COUNTY

26. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25 as her respective allegations of paragraph 26.

27. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

28. At all times relevant to this incident, Investigator Norton and other Sheriff's

officers were employees of the Sheriff of Cook County, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, Dominique Jenkins, prays that should this Court enter judgment in her favor and against Investigator Norton and other Sheriff's officers, Sheriff of Cook County should be ordered to pay the Plaintiff any judgment for compensatory damages obtained against Investigator Norton and other Sheriff's officers.

## **JURY DEMAND**

Plaintiff, Dominique Jenkins, prays for trial by jury.

Respectfully submitted,

*/s/* David S. Lipschultz
David S. Lipschultz


David S. Lipschultz
Attorney No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com