

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 cv 4828 |
| | ) | |
| vs. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| INVESTIGATOR VINCENT P. NORTON; | ) | |
| CHIEF BRADLEY CURRY; | ) | |
| DEPUTY CHIEF MATTHEW RAFFERTY; | ) | |
| COMMANDER ROBERT O'NEIL; | ) | Trial By Jury Demanded |
| LIEUTENANT TERRENCE MEEHAN; | ) | |
| SERGEANT JOSE ROSARIO; | ) | |
| SERGEANT SERVANDO VELEZ; | ) | |
| DETECTIVE SERGEANT JAMES DAVIS; | ) | |
| DETECTIVE JUDITH POWE; | ) | |
| INVESTIGATOR FELIX ARVELO; | ) | |
| INVESTIGATOR CLAYTON DOWDELL; | ) | |
| INVESTIGATOR JAMES DUFFY; | ) | |
| INVESTIGATOR JOE DUGANDZIC; | ) | |
| INVESTIGATOR EVAN FERMAINT; | ) | |
| INVESTIGATOR JASPER NELSON; | ) | |
| INVESTIGATOR DENNIS SMITH; | ) | |
| INVESTIGATOR BRIAN STAUDT; | ) | |
| DETECTIVE BEVERLY AUSTIN; | ) | |
| DETECTIVE LESLIE PRATTS; | ) | |
| OFFICER TERRY MAHON; and | ) | |
| COOK COUNTY; | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, Dominique Jenkins, by and through her attorney, David S. Lipschultz, and in support of her Complaint at Law against the Defendants, Investigator Vincent P. Norton, Chief Bradley Curry, Deputy Chief Matthew Rafferty, Commander Robert O'Neil, Lieutenant Terrence Meehan, Sergeant Jose Rosario, Sergeant Servando Velez, Detective Sergeant James Davis, Detective Judith Powe, Investigator Felix Arvelo, Investigator Clayton

1

Dowdell, Investigator James Duffy, Investigator Joe Dugandzic, Investigator Evan Fermaint, Investigator Jasper Nelson, Investigator Dennis Smith, Investigator Brian Staudt, Detective Beverly Austin, Detective Leslie Pratts, Officer Terry Mahon, and Cook County, states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

4. The Plaintiff, Dominique Jenkins ("Ms. Jenkins") is a resident of the City of Chicago, State of Illinois.

5. At all relevant times herein referenced, Defendant, Investigator Vincent P. Norton ("Investigator Norton"), was and remains employed by Cook County as a sworn police officer. His title is Investigator II in the Fugitive Unit. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Norton was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. At all relevant times herein referenced, Defendant, Chief Bradley Curry ("Chief Curry"), was and remains employed by Cook County as a sworn police officer. His title at the time of the incident was Chief of Corrections. He is sued in his individual capacity. At the time

of the incident at issue in this Complaint, Chief Curry was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7. At all relevant times herein referenced, Defendant, Deputy Chief Matthew Rafferty ("Deputy Chief Rafferty"), was and remains employed by Cook County as a sworn police officer. His title at the time of the incident was Deputy Chief of Investigations. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Deputy Chief Rafferty was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times herein referenced, Defendant, Commander Robert O'Neil ("Commander O'Neil"), was and remains employed by Cook County as a sworn police officer. His title at the time of the incident was Commander, Fugitive Warrants Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Commander O'Neil was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9. At all relevant times herein referenced, Defendant, Lieutenant Terrence Meehan, Star No. 536 ("Lt. Meehan"), was and remains employed by Cook County as a sworn police officer. His title at the time of the incident was Chief of Corrections. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Lt. Meehan was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10. At all relevant times herein referenced, Defendant, Sergeant Jose Rosario ("Sergeant Rosario"), was and remains employed by Cook County as a sworn police officer. His title at the time of the incident was Sergeant, Fugitive Warrant Section. He is sued in his

3

individual capacity. At the time of the incident at issue in this Complaint, Sergeant Rosario was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

11. At all relevant times herein referenced, Defendant, Sergeant Servando Velez ("Sergeant Velez"), was and remains employed by Cook County as a sworn police officer. His title at the time of the incident was Sergeant, Fugitive Warrant Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Sergeant Velez was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

12. At all relevant times herein referenced, Defendant, Detective Sergeant James Davis, Star No. 909 ("Sergeant Davis"), was and remains employed by Cook County as a sworn police officer. His title at the time of the incident was Sergeant, Investigations. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Sergeant Davis was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

13. At all relevant times herein referenced, Defendant, Detective Judith Powe, Star No. 966 ("Detective Powe"), was and remains employed by Cook County as a sworn police officer. Her title at the time of the incident was Detective, Investigations. She is sued in her individual capacity. At the time of the incident at issue in this Complaint, Detective Powe was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

14. At all relevant times herein referenced, Defendant, Investigator Felix Arvelo ("Investigator Arvelo"), was and remains employed by Cook County as a sworn police officer.

4

His title is Investigator, Fugitive Warrant Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Arvelo was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

15. At all relevant times herein referenced, Defendant, Investigator Clayton Dowdell ("Investigator Dowdell"), was and remains employed by Cook County as a sworn police officer. His title is Investigator, Fugitive Warrant Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Dowdell was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

16. At all relevant times herein referenced, Defendant, Investigator James Duffy ("Investigator Duffy"), was and remains employed by Cook County as a sworn police officer. His title is Investigator, Fugitive Warrant Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Duffy was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

17. At all relevant times herein referenced, Defendant, Investigator Joe Dugandzic ("Investigator Dugandzic"), was and remains employed by Cook County as a sworn police officer. His title is Investigator, Fugitive Warrant Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Dugandzic was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

18. At all relevant times herein referenced, Defendant, Investigator Evan Fermaint ("Investigator Fermaint"), was and remains employed by Cook County as a sworn police officer. His title is Investigator, Department of Intelligence and Investigations. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Fermaint

was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

19. At all relevant times herein referenced, Defendant, Investigator Jasper Nelson, Star No. 765 ("Investigator Nelson"), was and remains employed by Cook County as a sworn police officer. His title is Investigator, Department of Intelligence. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Nelson was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

20. At all relevant times herein referenced, Defendant, Investigator Dennis Smith ("Investigator Smith"), was and remains employed by Cook County as a sworn police officer. His title is Investigator, Fugitive Warrant Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Smith was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

21. At all relevant times herein referenced, Defendant, Investigator Brian Staudt ("Investigator Staudt"), was and remains employed by Cook County as a sworn police officer. His title is Investigator, Fugitive Warrant Section. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Investigator Staudt was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

22. At all relevant times herein referenced, Defendant, Detective Beverly Austin, Star No. 941 ("Detective Austin"), was and remains employed by Cook County as a sworn police officer. Her title is Detective, Department of Intelligence and Investigations. She is sued in her individual capacity. At the time of the incident at issue in this Complaint, Detective Austin

engaged in the conduct complained of while acting within the scope of her employment and under color of law.

23. At all relevant times herein referenced, Defendant, Detective Leslie Pratts, Star No. 967 ("Detective Pratts"), was and remains employed by Cook County as a sworn police officer. Her title is Detective, Department of Intelligence and Investigations. She is sued in her individual capacity. At the time of the incident at issue in this Complaint, Detective Pratts engaged in the conduct complained of while acting within the scope of her employment and under color of law.

24. At all relevant times herein referenced, Defendant, Terry Mahon ("Officer Mahon"), was and remains employed by Cook County as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Mahon was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

25. Defendants Norton, Curry, Rafferty, O'Neil, Meehan, Rosario, Velez, Davis, Powe, Arvelo, Dowdell, Duffy, Dugandzic, Fermaint, Nelson, Smith, Staudt, Austin, Pratts and Mahon collectively are referred to below as "Defendant Officers."

26. At all relevant times herein referenced, Defendant, Cook County, was and remains a governmental entity formed pursuant to the laws of the State of Illinois, and the employer of the Defendant Officers.

**FACTUAL ALLEGATIONS**

BACKGROUND

27. On February 24, 2017, the Illinois Department of Corrections ("IDOC") mistakenly released a prisoner from custody at Stateville Correctional Center even though he

7

was facing murder charges in another case. The inmate fled; a nationwide and much-publicized manhunt ensued. The fugitive would not be found until March 4, 2017, near Atlanta, Georgia.

28. IDOC blamed the mistake on the Cook County Sheriff's Office, arguing that the Sheriff's Office failed to provide IDOC with proper notification of the murder case.

29. Ms. Jenkins grew up with the fugitive. She once dated him, and during that time she had provided funds in support of the fugitive's bond in a case not related to the murder.

30. But that was in the past. Ms. Jenkins knew nothing about the fugitive at this time of her life, and she had no idea where he was hiding.

31. But the Sheriff was under enormous pressure to catch the fugitive. Unconscionably, they launched a desperate campaign of harassment against Ms. Jenkins.

32. The Defendants unlawfully searched and seized Ms. Jenkins, at home and at a police station, day and night — often in the presence of her small children — for several days.

## DAYS OF UNLAWFUL SEARCHES AND SEIZURES

33. For several days beginning on February 27 and ending in early March, 2017, Defendants Norton, Curry, Rafferty, O'Neil, Meehan, Rosario, Velez, Davis, Powe, Arvelo, Dowdell, Duffy, Dugandzic, Fermaint, Nelson, Smith, Staudt, Austin, Pratts and Mahon detained, harassed, questioned, and threatened Ms. Jenkins.

34. The Defendant Officers did so despite having no evidence or information that Ms. Jenkins had any useful or relevant information.

35. Over these days the Defendant Officers repeatedly appeared at Ms. Jenkins' home and in other locations.

36. During those days, the Defendant Officers committed the following, and other, malicious acts in violation of her Constitutional rights:

8

    a. Searched Ms. Jenkins' entire house without a lawful basis;

    b. Detained Ms. Jenkins for various lengths of time, including overnight, at her home as well as in various facilities in Markham and Maywood, Illinois;

    c. Scared Ms. Jenkins' children by taking her away, sometimes in their presence;

    d. Treated Ms. Jenkins with anger and aggression at times;

    e. Threatened to unlawfully take bond money away from Ms. Jenkins, and threatened to report her to the Illinois Department of Children Services;

    f. Exhaustively questioned Ms. Jenkins, with the questioning always yielding the same result: she had no leads whatsoever;

    g. Confused Ms. Jenkins about her legal rights as to whether she was free to leave and whether she had to go with the officers to the various facilities;

    h. Provided a false address to Ms. Jenkins' mother as to where Ms. Jenkins was being detained on one or more occasions; and,

    i. Would not release Ms. Jenkins from custody to her attorney, who was present, despite admitting that the Sheriff had no reason to detain her.

37. As a result of the Defendant Officers' misconduct, Ms. Jenkins suffered damages.

## COUNT I
## SECTION 1983
## FALSE ARREST/UNLAWFUL SEARCH & SEIZURE
## AGAINST DEFENDANT OFFICERS

38. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 37 as her respective allegations of paragraph 38.

39. The Defendant Officers did not have probable cause to arrest the Plaintiff.

40. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment rights, and violated her rights protected by 42 U.S.C. §1983.

41. As a direct and proximate consequence of said conduct of the Defendant Officers, the Plaintiff suffered violations of her constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

9

WHEREFORE, the Plaintiff, Dominique Jenkins, prays for judgment against the Defendants, Investigator Vincent P. Norton, Chief Bradley Curry, Deputy Chief Matthew Rafferty, Commander Robert O'Neil, Lieutenant Terrence Meehan, Sergeant Jose Rosario, Sergeant Servando Velez, Detective Sergeant James Davis, Detective Judith Powe, Investigator Felix Arvelo, Investigator Clayton Dowdell, Investigator James Duffy, Investigator Joe Dugandzic, Investigator Evan Fermaint, Investigator Jasper Nelson, Investigator Dennis Smith, Investigator Brian Staudt, Detective Beverly Austin, Detective Leslie Pratts, Officer Terry Mahon, and Cook County for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

### COUNT II
### SECTION 1983
### DENIAL OF DUE PROCESS
### AGAINST DEFENDANT OFFICERS

42. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 37 as her respective allegations of paragraph 42.

43. The Defendant Officers did not have probable cause to arrest the Plaintiff.

44. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment rights, and violated her rights protected by 42 U.S.C. §1983.

45. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of her constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Dominique Jenkins, prays for judgment against the Defendants, Investigator Vincent P. Norton, Chief Bradley Curry, Deputy Chief Matthew Rafferty, Commander Robert O'Neil, Lieutenant Terrence Meehan, Sergeant Jose Rosario,

10

Sergeant Servando Velez, Detective Sergeant James Davis, Detective Judith Powe, Investigator Felix Arvelo, Investigator Clayton Dowdell, Investigator James Duffy, Investigator Joe Dugandzic, Investigator Evan Fermaint, Investigator Jasper Nelson, Investigator Dennis Smith, Investigator Brian Staudt, Detective Beverly Austin, Detective Leslie Pratts, Officer Terry Mahon, and Cook County, for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## ILLINOIS LAW CLAIM - INDEMNIFICATION
## AGAINST COOK COUNTY

46. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 45 as her respective allegations of paragraph 46.

47. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

48. At all times relevant to this incident, Defendant Officers were employees of Cook County, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff, Dominique Jenkins, prays that should this Court enter judgment in her favor and against Investigator Vincent P. Norton, Chief Bradley Curry, Deputy Chief Matthew Rafferty, Commander Robert O'Neil, Lieutenant Terrence Meehan, Sergeant Jose Rosario, Sergeant Servando Velez, Detective Sergeant James Davis, Detective Judith Powe, Investigator Felix Arvelo, Investigator Clayton Dowdell, Investigator James Duffy, Investigator Joe Dugandzic, Investigator Evan Fermaint, Investigator Jasper Nelson,

Investigator Dennis Smith, Investigator Brian Staudt, Detective Beverly Austin, Detective Leslie Pratts, and/or Officer Terry Mahon, Cook County should be ordered to pay the Plaintiff any judgment for compensatory damages obtained against Defendant Officers.

## JURY DEMAND

Plaintiff, Dominique Jenkins, prays for trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Attorney No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com